**EX PARTE Daniel Christopher WALSH**

NO. 02-17-00136-CR, NO. 02-17-00137-CR, NO. 02-17-00138-CR

Court of Appeals of Texas, Fort Worth.

DELIVERED: August 31, 2017

ATTORNEY FOR APPELLANT: ROBERT ESTRADA, LAW OFFICE OF ROBERT G. ESTRADA, WICHITA FALLS, TEXAS.

ATTORNEY FOR STATE: JENNIFER PONDER, ASSISTANT DISTRICT ATTORNEY, WICHITA COUNTY DISTRICT, ATTORNEY'S OFFICE, WICHITA FALLS, TEXAS.

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

## OPINION

TERRIE LIVINGSTON, CHIEF JUSTICE

This is an interlocutory appeal from the trial court's denial of relief on a pretrial application for writ of habeas corpus. Appellant Daniel Christopher Walsh filed the application based on the State's alleged violations of constitutional and statutory provisions by appointing attorneys from the Texas State Securities Board (TSSB) to prosecute him for theft, for securing the execution of documents by deception, and for money laundering. *See* Tex. Penal Code Ann. § 31.03(a) (West Supp. 2016), §§ 32.46(a)(1), 34.02(a)(1) (West 2016). Appellant contended that the Wichita County District Attorney's appointment and deputation of TSSB's attorneys to prosecute those offenses against him was an *ultra vires* act that violated his due process rights and separation of powers principles. He urged the trial court to disqualify TSSB's attorneys and to dismiss his indictments. Because we conclude that appellant's legal contentions, even if valid, cannot entitle him to habeas corpus relief, we affirm the trial court's order denying relief.

## Background Facts

In April 2013, a Wichita County grand jury, through separate indictments, charged appellant with theft, with securing execution of documents by deception, and with money laundering. Each indictment stated that TSSB was the filing agency and designated Mogey Lovelle, a TSSB attorney, as the complainant. The Wichita County District Attorney, Maureen Shelton, had deputized Lovelle in January 2013. Shelton signed a deputation form that stated that she, having full confidence in Lovelle, "nominate[d] and appoint[ed] [Lovelle as Shelton's] true and lawful deputy ... to do and perform any and all acts ... pertaining [to] the incident involving [appellant]." The deputation forms also stated that Shelton ratified and confirmed "any and all such acts and things lawfully done in the premises of virtue [thereof]."

Years later, in November 2016, appellant, who was awaiting trial but was free on bond, filed an application for writ of habeas corpus in each case. Among other arguments, he contended that Lovelle and other TSSB attorneys working on his cases were acting *ultra vires* (beyond their statutory and constitutional authority) and that their prosecution of him violated due process and separation of powers principles. He argued that Texas law restricted TSSB attorneys to pursue only violations of Texas securities laws and that those attorneys had abused their official capacity. Thus, he argued that his indictments, which had been procured by Lovelle, were void, and he asked the trial court to disqualify TSSB's attorneys and to dismiss his indictments as the "only means of adequately protecting [his] constitutional rights."

In response, the State argued that appellant's constitutional and statutory complaints were not cognizable in a pretrial habeas corpus application and that the trial court should therefore not reach the merits of the complaints. Alternatively, the State contended that Shelton had constitutional and statutory authority to deputize TSSB's attorneys to prosecute appellant and that the deputations did not violate separation of powers principles.

The trial court held a hearing on the writ application. At the hearing, appellant contended that attorneys from the TSSB, part of the executive branch of state government, were violating separation of powers principles by prosecuting under the authority of a district attorney, who is part of the judicial branch. At one point in the hearing, appellant, through counsel, argued for the dismissal of his indictments by stating,

> [I]f we're correct, and I believe we are, that the executive branch appointed as special prosecutors—and we know that they were the ones who presented this— these facts to the grand jury—if those were—*if they were illegally appointed and they were not allowed to be there to present these facts, then the indictments have to be dismissed.* And that's the right at stake which would be undermined if we do not resolve this through the writ of habeas corpus pretrial. [Emphasis added.]

Counsel recognized, however, that the presence of TSSB's attorneys before the grand jury was not necessary for appellant's indictments, stating, "[The] [g]rand jury acting by itself is certainly permitted to indict with nobody present. It can indict on paper."

At the end of the hearing, the trial court declined to consider the writ application as such; instead, the court considered the application as a pretrial motion and denied the motion. Appellant stated that he would likely file a mandamus relating to the trial court's ruling on the motion.

Instead of filing a mandamus petition, however, appellant filed an amended application for writ of habeas corpus. He again contended that TSSB's attorneys had no constitutional or statutory authority to prosecute him and that their prosecution was vindictive. He argued that when "the Wichita County Criminal District Attorney gave up control of her office[,] ... she allowed the TSSB to obtain indictments which do not include an allegation of a securities violation," which constituted an *ultra vires* act. Appellant again argued that the indictments were void based on the TSSB attorneys' appearance before the grand jury, that his right of due process and separation of powers principles had been violated, and that "dismissal of the indictments [was] the only means of adequately protecting [his] constitutional rights." Appellant asserted,

> The indictments are void because by law, the grand jury cannot be considered to have been presented with evidence, when the TSSB's presentations were illegal nullities. As a result, this Court has no jurisdiction to hear charges against [appellant]....
>
> ....
>
> ... [T]he indictments secured by these illegitimate prosecutors should be dismissed as void....
>
> ....
>
> Due to the TSSB's and the District Attorney's failure[s] from the very beginning of this Criminal Action to follow the legal strictures to which they were to be held, there is no "harm analysis" necessary because none of the evidence presented was legally admitted, and the defective presentation to the Grand Jury

cannot be allowed to stand.... *Simply put, the presenter of the evidence to the Grand Jury was unfit, thus no evidence was presented [to the grand jury], and the indictments are void as a result and should be dismissed with prejudice due to the State's misconduct and disregard for the law.* [Emphasis added.]

The State responded to the amended application, again contending that the allegations within appellant's application did not qualify for habeas corpus relief and that those allegations had no legal merit. Also, the State argued that appellant's unreasonable delay in seeking habeas corpus relief—waiting more than three years after his indictments before filing his original application—foreclosed his ability to do so.

The trial court held a hearing on the amended application, considered it as an application for habeas corpus relief, and denied it.[1] Appellant brought this appeal, and we submitted the appeal without briefing. *See* Tex. R. App. P. 31.1, 31.2 (explaining that an appeal from a trial court's decision concerning habeas corpus "will be heard and determined upon the law and the facts shown by the record" and that the "sole purpose of the appeal is to do substantial justice to the parties").

## No Entitlement to Habeas Corpus Relief

 We must determine whether a claim is cognizable on habeas corpus before addressing the merits of the claim. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Pretrial habeas, followed by an interlocutory appeal,[2] is an extraordinary

---

1. Different judges ruled on the original and amended applications. The second judge—the trial court's presiding judge—explicitly found that the issue raised within the amended ap-

plication was cognizable in a habeas corpus proceeding.

2. The denial of relief from a pretrial application for writ of habeas corpus is immediately

remedy, and we must be careful to ensure that a pretrial writ is not misused to secure pretrial habeas review of matters that should not be put before us. *Id.*

 An applicant may seek pretrial habeas corpus relief "only in very limited circumstances." *Smith,* 178 S.W.3d at 801. The purpose of an application for writ of habeas corpus is to remove an illegal restraint on an applicant's liberty. *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 2015). Thus, pretrial habeas relief—"an extraordinary remedy"—is reserved for cases in which resolution of a legal issue in the applicant's favor must result in the applicant's immediate release. *Ex parte Ingram,* No. PD-0578-16, 533 S.W.3d 887, 891–892, 2017 WL 2799980, at *2 (Tex. Crim. App. June 28, 2017); *Ex parte Perry,* 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Flores,* 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release.") *Green v. State,* 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd) ("[T]he purpose of a pretrial habeas corpus application is not to facilitate trial, but to stop trial and secure immediate release from confinement."); *see also Ex parte Doster,* 303 S.W.3d 720, 724 (Tex. Crim. App.) (explaining, for example, that pretrial habeas relief is unavailable for asserting the constitutional right to a speedy trial or, generally, to test the sufficiency of a charging instrument), *cert. denied,* 560

U.S. 957, 130 S.Ct. 3397, 177 L.Ed.2d 312 (2010); *Smith,* 178 S.W.3d at 801 (explaining that a pretrial habeas applicant may challenge the State's power to restrain him at all; the manner of his pretrial restraint (such as challenging conditions attached to bail); or other issues which, if meritorious, would bar prosecution or conviction). Due process claims are not generally cognizable for pretrial habeas relief. *In re Shaw,* 204 S.W.3d 9, 16 (Tex. App.—Texarkana 2006, pet. ref'd).

 We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Shires,* 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.). We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Evans,* 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, pet. ref'd). If we conclude the grounds asserted in the application for writ of habeas corpus are not cognizable, then we must affirm the trial court's denial of relief. *Ex parte Schoolcraft,* 107 S.W.3d 674, 676 (Tex. App.—San Antonio 2003, no pet.).

None of appellant's arguments in the trial court convince us that if he is correct on the underlying legal issues asserted within his amended application—that the deputation of TSSB's attorneys to prosecute him for the three charges at issue violates constitutional and statutory provisions—he is entitled to immediate release from confinement through dismissal of his indictments and is therefore entitled to relief through habeas corpus.[3] *See Ingram,*

---

appealable, but the denial of a pretrial motion that is not cognizable as a writ application may be appealed only after conviction and sentencing. *Ex parte Smith,* 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

**3.** We express no opinion on the merits or on what remedy, if any, may be available to

appellant if his arguments concerning the deputation and participation of TSSB's attorneys are meritorious. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We expressly decline to make any decision at this

533 S.W.3d at 891–892, 2017 WL 2799980, at *2.

 The circumstances in which trial courts may dismiss indictments are "limited to those actions authorized by constitution, statute, or common law." *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003) (citing *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995)). The dismissal of an indictment is a "drastic measure" only to be used in the "most extraordinary circumstances." *Id.* at 817 (citing *Frye*, 897 S.W.2d at 330). Generally, an indictment may not be challenged in a pretrial application for writ of habeas corpus. *Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex. Crim. App. 1994); *see also Ex parte Tamez*, 4 S.W.3d 854, 855–56 (Tex. App.—Houston [1st Dist.] 1999) ("Pretrial writs for habeas corpus generally may not challenge an indictment except for instances of a void statute or to assert a statute of limitations bar."), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001).

 As explained above, in the trial court, appellant challenged his indictments (and therefore challenged the pending charges against him) by contending that the procurement of the indictments by TSSB's attorneys rendered the indictments void.[4] We disagree.

In several circumstances, Texas courts have held that an indictment is not rendered void or subject to dismissal merely because an improper, disqualified, or conflicted prosecutor presented a case to a grand jury (as opposed to being present during grand jury deliberations) or could represent the State at trial. For example, in *Miller v. State*, Miller contended that a district attorney's office was disqualified from prosecuting a theft case against him because of a conflict of interest; he asserted that the district attorney had previously represented him in a "number of matters" and had learned confidential information that might be used in the prosecution. No. 11-07-00369-CR, 2008 WL 616121, at *1 (Tex. App.—Eastland Mar. 6, 2008, no pet.) (mem. op., not designated for publication). Miller sought pretrial habeas corpus relief from the trial court, but the trial court denied relief. *Id.* While the appellate court recognized a potential due process violation that might later result in reversal of Miller's conviction (if any), the court held that Miller's complaint was not cognizable for habeas corpus relief because it would not result in his immediate release. *Id.* at *1–2.

Similarly, in *Beavers v. State*, Beavers contended that his indictment was void because the district attorney who procured it had been barred from serving as the district attorney when he began residing outside of his office's jurisdiction. No. 02-05-00448-CR, 2006 WL 3247887, at *6–7 (Tex. App.—Fort Worth Nov. 9, 2006, pet. ref'd) (mem. op., not designated for publication). We rejected that argument, explaining,

> Here, appellant claims that his indictment was void because [the district attorney] had allegedly vacated the District Attorney's office but still appeared before the grand jury to *procure* the

---

stage concerning appellant's constitutional arguments, including his separation of powers argument.

4. Appellant also appeared to contend that his charges in these cases, which do not allege violations of The Securities Act, are invalid and must be dismissed because they are based on facts learned during an investigation by

TSSB, which is mandated to investigate violations of the Act. *See* Tex. Rev. Civ. Stat. Ann. art. 581-1, 581-28 (West 2010). We have found no authority supporting that proposition. Also, the evidence in the record sheds little light on the circumstances of TSSB's investigation.

indictment. Appellant, however, does not claim that [the district attorney] was present during the grand jury's vote or deliberations. Under article 27.03 of the code of criminal procedure, a court may set an indictment aside when an unauthorized person was present during grand jury votes or deliberations. Tex. Code Crim. Proc. Ann. art. 27.03 (Vernon 2006);[5] *see Ray v. State*, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977). Appellant's brief fails to describe how Cole's alleged unauthorized status violated the sanctity of the grand jury during its voting or deliberations.

In his brief, appellant relies solely on *Ray v. State* to support his contention that the indictment was void because [the district attorney] procured the indictment. *See Ray*, 561 S.W.2d at 481. The record also shows that appellant used this same argument in requesting his motion in arrest of judgment. But in *Ray*, the Court of Criminal Appeals held that the appellant failed to meet his burden of showing a violation of the sanctity of the grand jury proceedings because the evidence showed that no one other than grand jurors were present during the grand jury's voting or deliberations. *See id.* Therefore, . . . the trial court did not abuse its discretion by refusing to grant a hearing on this motion because appellant did not argue that [the district attorney] was present during the grand jury's vote or deliberations. *See id.*

*Id.* at *7; *see also Walter v. State*, 209 S.W.3d 722, 737, 739–40 (Tex. App.—Texarkana 2006) (holding that the State violated a statute by allowing the presence of non-witness police officers during grand jury proceedings but concluding that because those officers were not present during deliberations, the indictments were not void), *rev'd on other grounds*, 267 S.W.3d 883 (Tex. Crim. App. 2008); *Phillips v. State*, No. 08-00-00211-CR, 2002 WL 2001218, at *1–2 (Tex. App.—El Paso Aug. 30, 2002, no pet.) (not designated for publication) (concluding that when a defendant asserted that a district attorney lacked authority to present a case to the grand jury, the defendant was not entitled to dismissal of the indictment because he did not show that the district attorney was present when the grand jury deliberated).[6]

Like the defendants in the cases cited above, appellant contends that an allegedly improper prosecutor procuring his indictments resulted in the indictments' invalidity, required their dismissal, and necessitated habeas relief for his immediate release from confinement. For the reasons expressed in those cases, we reject those contentions.

In his notice of appeal, appellant argued that his writ application was "cognizable on appeal under" *Perry*, 483 S.W.3d at

---

5. Article 27.03(2) states that in addition to other grounds authorized by law, a motion to set aside an indictment may be based on an unauthorized person's presence *"when the grand jury was deliberating* upon the accusation against the defendant, or was voting upon the same." Tex. Code Crim. Proc. Ann. art. 27.03(2) (West 2006) (emphasis added). Like the defendant in *Beavers*, appellant has not contended in this case that TSSB's attorneys were present during the grand jury's vote or deliberations.

6. We also note that in an unpublished decision, the court of criminal appeals held, "That an improper person may have questioned witnesses in front of the grand jury ... did not render the subsequent indictment void." *Galloway v. State*, No. AP-73, 2003 WL 1712559, at *3–4 (Tex. Crim. App. Jan. 29, 2003) (not designated for publication), *cert. denied*, 540 U.S. 828, 124 S.Ct. 55, 157 L.Ed.2d 52 (2003). The court emphasized that the independent grand jury, not the prosecutor, is "ultimately responsible" for indicting a defendant. *Id.* at *4.

895–98, because the "violation of [the] separation of powers clause of the Texas Constitution ... would result in [appellant's] immediate release from illegal restraint." In *Perry*, Rick Perry, the former Texas governor, contended that as applied to certain circumstances, the abuse of official capacity statute[7] violated separation of powers principles. *Id.* at 888. The State contended that Perry's argument was not cognizable in a pretrial habeas corpus application. *Id.* at 895. The court of criminal appeals disagreed, holding that "pretrial habeas is an available vehicle for a government official to advance an as-applied separation of powers claim that alleges the infringement of his own power as a government official." *Id.* at 898.

The holding in *Perry* is inapposite to the facts here for at least three reasons. First, appellant is not a government official; he is challenging the allegedly unconstitutional acts of government officials. *See id.*; *see also Ex parte Paxton*, 493 S.W.3d 292, 303 (Tex. App.—Dallas 2016, pet. ref'd) (declining to hold that pretrial habeas relief was available under *Perry* because the defendant's charges did "not arise out of his duties as an elected official but rather from his conduct as a private citizen"). Second, appellant's claim in this case does not concern an infringement of governmental power but rather the opposite— alleged *ultra vires* acts. *See Perry*, 483 S.W.3d at 898. Third, the separation of powers claim that Governor Perry raised challenged the constitutional validity of the very charge against him; in other words, he challenged the "prosecution itself." *See id.* at 901. Here, in contrast, appellant does not argue that based on the factual circumstances relied on by the State, he could never have been constitutionally prosecuted for theft, for securing the execution of documents by deception, and for money

laundering; he argues only that he cannot be constitutionally prosecuted for those offenses by TSSB's attorneys. We conclude that *Perry* does not support appellant's argument that habeas corpus relief is cognizable in this case.

Appellant also relied in the trial court upon the decision in *Frye* to contend that his habeas corpus application was cognizable because his indictments should be dismissed. In *Frye*, the court of criminal appeals reviewed a trial court's order that dismissed a theft indictment based on the State's violation of the defendant's constitutional right to counsel. 897 S.W.2d at 325. The State had violated the defendant's Sixth Amendment right to counsel before the return of an indictment by allowing a district attorney's office intern to record a conversation with the defendant, by lying about whether the conversation had been recorded, and by allowing a prosecutor to question the defendant while knowing that he had counsel. *Id.* at 325–26, 329–30. The court of criminal appeals held that dismissal of the indictment was the appropriate remedy for the constitutional violation because the defendant's "defensive evidence and strategies were revealed during the State initiated contacts, and ... [the defendant] suffered harm as a result." *Id.* at 331.

Concerning the *Frye* decision, appellant argued in the trial court,

If the courts are justified in dismissing indictments with prejudice for the grievously poor judgment of a law student intern, this Court is certainly justified in dismissing indictments secured by multiple government lawyers who violated constitutional law; violated state statutes; and ignored case law that spelled out to them exactly the limitations under which they are to operate.

---

7. *See* Tex. Penal Code Ann. § 39.02 (West 2016).

We cannot conclude, however, that the State's acts in *Frye*, which compromised and harmed Frye's ability to defend against his charges, analogically compare to the facts here, in which appellant claims that the wrong prosecutors brought and continue to pursue charges against him. *See id.* We decline to hold that the decision in *Frye* establishes that the claims in appellant's habeas application are cognizable.

Next, appellant relies on the court of criminal appeals's decision in *State ex rel. Hill v. Pirtle* to contend that the "defective presentation [of evidence by TSSB's attorneys to the grand jury] cannot be allowed to stand." 887 S.W.2d 921 (Tex. Crim. App. 1994). That case concerned the State's request for mandamus relief from an order prohibiting two assistant attorneys general from serving as local prosecutors.[8] *Id.* at 923. Notably, the trial court in that case did not dismiss the indictments against the defendant but only ordered that the assistant attorneys general could not serve as prosecutors. *See id.* at 924. We cannot conclude that the court of criminal appeals's decision in *Pirtle*, in which the court granted mandamus relief from the trial court's prohibition order and therefore allowed the assistant attorneys general to serve as prosecutors, establishes that appellant's arguments concerning the acts of TSSB's attorneys are cognizable in a pretrial habeas corpus application. *See id.* at 932.

In sum, appellant has not established that he is entitled to immediate release from confinement (by dismissal of the charges against him) if he prevails on the merits of his constitutional and statutory claims concerning the deputation of

TSSB's attorneys and their participation in his investigation or prosecution, nor have we found such authority. Instead, the authority cited above supports the opposite conclusion. Thus, because a ruling on the merits in appellants' favor would not result in his immediate release from confinement, we hold that his claims are not cognizable for pretrial habeas relief, and we hold that the trial court did not err by denying relief. *See Perry*, 483 S.W.3d at 895; *Schoolcraft*, 107 S.W.3d at 676.

### Conclusion

For the reasons recited above, we affirm the trial court's order denying relief on appellant's first amended pretrial application for writ of habeas corpus.

---

8. Similarly, we have granted mandamus relief based on a defendant's assertion that a trial court abused its discretion by denying a motion to disqualify a special prosecutor because the special prosecutor had a conflict of interest and because the special prosecutor's representation of the State violated the defendant's due process rights. *In re Cox*, 481 S.W.3d 289, 296–97 (Tex. App.—Fort Worth 2015, orig. proceeding) (en banc op. on reh'g).