

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00215-CR

———————————————

EX PARTE MICHAEL ELLIS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1497758D

---

Before Meier, Gabriel, and Kerr, JJ.
Memorandum Opinion by Justice Meier

# MEMORANDUM OPINION

Appellant Michael Ellis was charged on July 14, 2017, with burglary of a habitation, and four days later, the State announced ready for trial.

Almost a year later, in a hearing before trial, the trial court granted Appellant Michael Ellis's unopposed motion in limine to require the State to first approach the bench for permission before referring to his prior convictions or other bad acts.[1]

The reporter's record reflects that at the bottom of the second page of the prosecutor's three-page, seven-paragraph opening statement, in the second-to-last paragraph, the prosecutor told the jury about Ellis's arrest by the police on "active warrants" and his later confession at the police station during an interview. After the prosecutor concluded his opening statement, Ellis asked to approach the bench.

During the ensuing bench conference, Ellis objected that the prosecutor had violated the motion in limine by saying "active warrants," even though he acknowledged that "it was barely said" and not "accentuated." Because the jury had nonetheless heard it, he asked for a mistrial.

The trial court recalled from the earlier suppression hearing that Ellis had been arrested on outstanding traffic warrants. The prosecutor said that for the jury to understand how the officers could detain Ellis, the State had to explain that there

---

[1]Two weeks before trial, the State gave Ellis notice of its intent to introduce evidence of extraneous offenses and bad acts, which included several convictions. Six days later, Ellis filed his motion in limine.

were warrants, that the mention was minimal, that it would be explained, and that the State anticipated that it would have come out in testimony. The prosecutor also argued that active warrants were not in the nature of an extraneous offense and that they went to the contextual nature of the case, so the warrant reference did not violate the motion in limine.

Ellis argued that the prosecutor could have just said in the opening statement that the police investigated, found evidence, found the perpetrator, took him to the station and interviewed him, and that he confessed. He argued,

[T]o add in, at that point, he had arrest warrants that he was arrested for puts a taint in the jury, a bell that can't be unrung, a skunk that can't be taken out of here. They don't know what those arrest warrants are for. It could be murder for all they know.

And to now just say that we're going along with the case and just ignore it and pretend it never happened, and no one's going to address it. We don't know that one juror is going to be sitting there the whole time going, ["]What was that arrest warrant for? He's a bad guy.["]

That taint can't be removed from this jury. There is no way an instruction to disregard . . . is going to cure this.

The trial court granted Ellis's motion for mistrial, observing, "I realize that this was not done intentionally. I just think it was an inadvertent mistake, but I'm going to reluctantly grant the mistrial."

Ellis then filed an application for pretrial writ of habeas corpus seeking to preclude his retrial on the basis of Double Jeopardy. In his motion, he argued that the

mistrial occurred without manifest necessity[2] and that the mistrial was intentionally or recklessly caused by the prosecutor.

At the hearing on his application, Ellis argued that the prosecutor had acted either intentionally or recklessly. The State argued that the prosecutor had just made a mistake, without any prejudice or malice behind it. The trial court found that while the prosecutor's comment was not curable with an instruction, the prosecutor had acted inadvertently, not intentionally or recklessly, and denied Ellis's application.

In a single issue, Ellis complains that the trial court abused its discretion by denying his application, arguing that the prosecutor's violation of his motion in limine "was clearly intentional and provoked a mistrial." The State responds that there was no abuse of discretion because it did not intentionally goad a mistrial when it mentioned Ellis's active warrants and that mentioning the warrants was merely contextual, to explain to the jury why Ellis had been detained at the time that he confessed to the charged offense.

The Fifth Amendment's Double Jeopardy Clause bars retrial after a defendant successfully moves for a mistrial only when it is shown that the prosecutor engaged in conduct that was intended to provoke the defendant into moving for a mistrial. *Ex parte Lewis*, 219 S.W.3d 335, 336–37 (Tex. Crim. App. 2007); *see Kennedy*, 456 U.S.

---

[2]Ellis abandoned the "manifest necessity" argument on appeal. *See Oregon v. Kennedy*, 456 U.S. 667, 672–73, 102 S. Ct. 2083, 2088 (1982) (explaining that when a defendant requests a mistrial, the "manifest necessity" standard has no place in the Double Jeopardy Clause's application).

at 672–73, 676, 102 S. Ct. at 2088–89. The trial court considers a nonexclusive list of objective factors to determine the prosecutor's state of mind:

(1) Was the misconduct an attempt to abort a trial that was going badly for the State, i.e., at the time the prosecutor acted, did it reasonably appear that the defendant would likely obtain an acquittal?

(2) Was the misconduct repeated despite the trial court's admonitions?

(3) Did the prosecutor provide a reasonable, "good faith" explanation for the conduct?

(4) Was the conduct "clearly erroneous"?

(5) Was there a legally or factually plausible basis for the conduct despite its impropriety?

(6) Were the prosecutor's actions leading up to the mistrial consistent with inadvertence, lack of judgment, or negligence, or were they intentional?

*Ex parte Roberson*, 455 S.W.3d 257, 260 (Tex. App.—Fort Worth, pet. ref'd), *cert. denied*, 136 S. Ct. 490 (2015) (citing *Ex parte Wheeler*, 203 S.W.3d 317, 323–24 (Tex. Crim. App. 2006)). We then review the trial court's decision to grant or deny habeas relief for an abuse of discretion, considering the evidence in the light most favorable to the trial court's ruling. *Id.* An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles such that its action was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (defining abuse of discretion). We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.).

Ellis focuses on the immediacy of the State's violation after the motion in limine was granted to support his argument that the trial court abused its discretion by denying his application. He argues that the first, second, and sixth *Wheeler* factors do not apply because the prosecutor violated the motion in limine during opening statements, short-circuiting the trial. With regard to the third *Wheeler* factor, he calls into question the prosecutor's explanation that it was an accident and a mistake, contending, "[I]t was an awfully quick mistake." With regard to the fourth and fifth *Wheeler* factors, Ellis characterizes as "weakly offered" the State's justification that the information would have been admitted anyway and calls into question why the State did not ask the trial court to allow it first or ask for an exception to the limine when it was granted. Ellis summarizes his argument by claiming, "It's clear the prosecutor intended to produce a mistrial," such that the trial court abused its discretion by denying his application.

The State responds that the "active warrants" comment was made at the end of the prosecutor's opening statement and that there was no evidence that the State needed a mistrial to save its case because there was no evidence that the seated jury was problematic for the State, that the State was not ready for trial or had been denied a motion for continuance, or that an impediment existed that affected the State's ability to prove its case at that time, such as witness unavailability. It further argues that the prosecutor provided a reasonable "good faith" basis for referring to the active warrants during the opening statement because he "wanted to fill in how Appellant

6

ended up at the police station to confess because [his] confession to the offense was important to the narrative [the State] wanted to present during opening statement" and did not believe that the reference was to an extraneous offense because it was contextual in nature. And the State argues that not only did it not seek a mistrial but also that it actively argued against granting one.

As pointed out by the State, nothing in the record before us indicates that the prosecutor had any reason to try to goad Ellis into seeking a mistrial at the time that the "active warrants" statement was made in the second-to-last paragraph of a very brief opening statement. And at the time the trial court granted the mistrial, Ellis even acknowledged that the prosecutor "barely said" the words and did not emphasize them. It seemed apparent to the trial court—and, on this record, to us— that the prosecutor did not intentionally say "active warrants" in order to poison the jurors' minds against Ellis and force him to request a mistrial when the State had been ready to take the case to trial for almost a year and had Ellis's confession to the offense. Rather, as argued by the prosecutor at the hearing on Ellis's habeas application, the prosecutor had not viewed "active warrants" as the same as an actual extraneous offense and had mentioned it to explain why Ellis was in custody. Nothing in the prosecutor's explanation hints at any desire to derail the trial.

Accordingly, on the record before us, we conclude that the trial court did not abuse its discretion by denying Ellis's habeas application, and we affirm the trial court's order.

/s/ Bill Meier
Bill Meier
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 20, 2018