# NO. 12-19-00267-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 114TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *DAMEON JAMARC MOSLEY* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dameon Jamarc Mosley appeals the trial court's denial of his pre-trial application for writ of habeas corpus. In one issue, he challenges the constitutionality of Texas Code of Criminal Procedure Article 37.071. Because a claim challenging the constitutionality of Article 37.071 is not cognizable on pre-trial writ of habeas corpus, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

Appellant was indicted for capital murder. The State provided Appellant with written notice that it would seek the death penalty. On July 19, 2019, Appellant filed a pre-trial application for writ of habeas corpus in the trial court claiming that Article 37.071 of the code of criminal procedure is unconstitutional.[1]

In his writ application, Appellant claimed that there is no statutory procedure to "deal with intellectual disability in death penalty cases, therefore the death penalty statute is unconstitutional 'as applied' to those with intellectual disability." Appellant argued that he is "in all probability intellectually disabled" and attached the affidavit of Kristi Compton, a clinical and forensic psychologist.

On July 25, the trial court held a hearing on the application and orally informed Appellant that it was denying his application without reaching the merits because his "as applied" challenge

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2 (a)(1)-(g) (West Supp. 2019).

to Article 37.071 is not cognizable on pre-trial habeas.[2] On August 5, the trial court signed a written order generally denying the application. Appellant filed a notice of appeal.

On August 22, Appellant filed a writ of mandamus and stay of capital proceedings, seeking an order directing the trial court to stay his trial pending resolution of this appeal. We denied Appellant's petition because he failed to file a mandamus record and failed to file a petition that complied with the appellate rules.[3] Appellant's case went to trial and he was found "guilty" of capital murder on November 13. This appeal was submitted on November 18. On November 20, Appellant was sentenced to death. Appellant's conviction was automatically appealed to the Texas Court of Criminal Appeals.[4]

## APPLICATION FOR WRIT OF HABEAS CORPUS

In his only issue, Appellant contends that his claim is cognizable on pre-trial habeas because *Ex Parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016) stands for the proposition that "the unconstitutionality of a law 'as applied' can be addressed pre-trial." He argues that he is "in all probability intellectually disabled" and "the United States Supreme Court has ruled that executing people with intellectual disability violates the Eight[h] Amendment's ban on cruel and unusual punishment, but that States can define who has intellectual disability [sic]." Appellant argues that, because the Texas Legislature has not adopted a statutory scheme for the presentation and determination of the issue of intellectual disability in capital cases, Article 37.071 of the code of criminal procedure is unconstitutional "as applied" to "those who exhibit signs of intellectual disability." *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2 (a)(1)-(g) (West Supp. 2019). The State argues that Appellant's claim is not cognizable on pre-trial habeas. Alternatively, the State argues that Appellant's argument is without merit.

**Analysis**

A pre-trial writ of habeas corpus "followed by an interlocutory appeal, is an 'extraordinary remedy' and 'appellate courts have been careful to ensure that a pre-trial writ is not misused to

---

[2] *See* **id.**

[3] *See* **In re Mosley**, 12-19-00292-CR, 2019 WL 4296499, at *2 (Tex. App.—Tyler Sept. 11, 2019, no pet.) (mem. op., not designated for publication).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 37.071(h) (West Supp. 2019) ("The judgment of conviction and sentence of death shall be subject to automatic review by the Court of Criminal Appeals.").

secure pre-trial appellate review of matters that in actual fact should not be put before appellate courts at the pre-trial stage.'" *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). The determination of "whether a claim is even cognizable on pre-trial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ellis*, 309 S.W.3d at 79. "Pre-trial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). The Court of Criminal Appeals has held that a pre-trial writ application is not appropriate when the resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *Id.* at 619.

Here, we must determine if Appellant's claim is cognizable on pre-trial habeas before we reach the merits of his claim. *See Ellis*, 309 S.W.3d at 79. To do so, we consider several factors, including whether the rights underlying the claim would be effectively undermined if not vindicated before trial and whether the alleged defect would cast doubt on the trial court's power to proceed. *Perry*, 483 S.W.3d at 895-96. A defendant can utilize a pre-trial writ of habeas corpus only in very limited circumstances. *Ex Parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). An accused may challenge: (1) the State's power to restrain him at all, i.e., the existence of probable cause; (2) the manner of his restraint; i.e., the denial of bail or the conditions attached to his bail; and (3) certain issues that would bar prosecution or conviction. *Id.* The designation of a particular complaint as one that is cognizable is not enough; the complaint must be in fact cognizable, and we must refuse to consider the merits of a claim that is not cognizable. *See Ellis*, 309 S.W.3d at 79-80; *see also Ex Parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd).

A claim that a statute is unconstitutional "as applied" is a claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular facts and circumstances. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011); *Gillenwaters v. State*, 205 S.W.3d 534, 537 n.3 (Tex. Crim. App. 2006). Consequently, an "as applied" challenge typically may not be resolved pre-trial because it depends on the development of the specific facts of the case showing how the statute is being applied to the defendant. *See Lykos*, 330 S.W.3d at 910 ("An 'as applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular

3

facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner.").

Appellant cites *Perry* for the proposition that an "as applied" constitutional challenge to a statute is cognizable on pre-trial habeas. *Perry*, 483 S.W.3d at 884.[5]  In *Perry*, former Texas Governor Rick Perry argued that "as applied" to certain circumstances, the abuse of official capacity statute violated the separation of powers provision set forth in the Texas Constitution. *Id.* at 888; *see also* TEX. CONST. art. II, § 1.  The charges against Governor Perry arose from his threat to exercise a veto and his ultimate exercise of that veto. *Perry*, 483 S.W.3d at 888.  The court noted that it has held "as applied" challenges not cognizable on pre-trial habeas, but clarified that certain limited exceptions exist because the particular constitutional right at issue in the "as applied" challenge is the type that would be effectively undermined if not vindicated prior to trial. *Id.* at 895-96.  The court considered that the issuance of indictments against public officials often results in widespread pre-trial publicity that could destroy an official's career, and that the mere threat of an indictment could intimidate a public official and jeopardize his independence. *Id.* at 897.  Further, the court noted that if a statute violates separation of powers by unconstitutionally infringing on a public official's own power, then the mere prosecution of the public official is an undue infringement of the public official's power. *Id.* at 898.  Ultimately, the Court held that "pre-trial habeas is an available vehicle for *a government official* to advance an 'as applied' separation of powers claim that alleges the infringement of his own power *as a government official.*" *Id.* (emphasis added); *see also Ex Parte Walsh*, 530 S.W.3d 774, 781 (Tex. App.—Fort Worth 2017, no pet.).  Thus, the reasoning underpinning the court's holding was the likelihood that the disruptive effects of a criminal prosecution could prevent public officials from effectively performing their duties. *See Perry*, 483 S.W.3d at 898.

The court's holding in *Perry* is inapposite to Appellant's claim. *See e.g.*, *Paxton*, 493 S.W.3d at 303 (declining to hold that pre-trial habeas relief was available under *Perry* because defendant's charges did "not arise out of his duties as an elected official but rather from his conduct as a private citizen"); *Walsh*, 530 S.W.3d at 781 (declining to extend holding in *Perry* to appellant's "as applied" challenge because, inter alia, appellant was not a government official); *Ex parte Ares*, No. 13-17-00638-CR, 2019 WL 4493698, at *3 (Tex. App.—Corpus Christi Sept. 19, 2019, no pet.) (mem. op., not designated for publication) (holding *Perry* did not support

---

[5] Appellant did not cite to a particular page of the *Perry* opinion.

defendant's claim for pre-trial habeas release because as a private citizen, his charges did not arise out of any duty as public official). The *Perry* opinion reaffirms that "as applied" challenges are not cognizable on pre-trial habeas except for certain carefully limited exceptions. *See Perry*, 483 S.W.3d at 898. The court concluded that cases involving criminal charges arising from an elected official's performance of his duties and implicating separation of powers qualify as such an exception. *See id.* Appellant is not an elected official. His charges do not arise out of any duty as an elected official. Appellant has not directed us to any authority that his "as applied" constitutional challenge is the type that would be effectively undermined if not vindicated prior to trial. *See id.* Thus, we conclude that *Perry* does not support his argument that he may raise an "as applied" challenge to Article 37.071 on pre-trial habeas. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2 (a)(1)-(g).

Appellant cites no other authority beyond *Perry* for his argument that his "as applied" challenge to Article 37.071 is cognizable on pre-trial habeas. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2. (a)(1)-(g); *see also* TEX. R. APP. P. 38.1(i). Furthermore, Appellant's complaint does not relate to the existence of probable cause, bail, or an issue that bars prosecution or conviction. *See Smith*, 178 S.W.3d at 801. Moreover, resolution of Appellant's complaint in his favor, i.e. that Article 37.071 § 2 (a)(1)-(g) is unconstitutional "as applied" to the intellectually disabled, would not result in his immediate release. *See Weise*, 55 S.W.3d at 619; *see also* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2. (a)(1)-(g). Appellant has now been convicted of capital murder and sentenced to death. His conviction has been automatically appealed to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071(h). Issues regarding intellectual disability can be raised by post judgment appeal, and post judgment habeas corpus. *See generally id.* art. 11.071 (West Supp. 2019); *see also Ex parte Lizcano*, No. 05-07-00720-CR, 2007 WL 2421515, at *2 (Tex. App.—Dallas Aug. 28, 2007, pet. ref'd) (mem. op., not designated for publication). Therefore, we hold that Appellant's claim that Article 37.071 is unconstitutional "as applied" to him is not cognizable on pre-trial habeas. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 2 (a)(1)-(g); *see also Doster*, 303 S.W.3d at 727 (dismissing appeal of pre-trial writ when court determined relief sought was not cognizable on pre-trial habeas); *Ex parte Ahmad*, 498 S.W.3d 254, 256 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("[b]ecause appellant's claim…is not cognizable on pre-trial habeas, we lack jurisdiction to consider appellant's appeal). We overrule Appellant's sole issue.

## DISPOSITION

Having concluded that Appellant's claim is not cognizable on pre-trial habeas, we ***dismiss*** the appeal for ***want of jurisdiction***.

**GREG NEELEY**
Justice

Opinion delivered March 25, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2020**

**NO. 12-19-00267-CR**

**EX PARTE: DAMEON JAMARC MOSLEY**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0510-17)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*