

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00215-CR

_____

EX PARTE DIVINE BURTON

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. C-0011723

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Divine Burton appeals from the trial court's denial of the relief requested in her pretrial application for writ of habeas corpus. Because the trial court did not abuse its discretion by denying Burton's request, we affirm the trial court's order.

## I. Background

Burton was arrested and charged by indictment with aggravated assault of a family member with a deadly weapon. Following a competency evaluation, the trial court signed an agreed order finding Burton incompetent to stand trial and committing her for competency restoration services for a period not to exceed 120 days.[1] After Burton was successfully discharged from the jail-based competency restoration program, the trial court adjudged her mentally competent to stand trial. Pursuant to a plea agreement, Burton pled guilty to the offense of aggravated assault with a deadly weapon in exchange for the State's recommending two years' deferred adjudication community supervision on the MHMR caseload and waiving the family-violence enhancement. On November 8, 2021, the trial court entered an order of deferred adjudication in accordance with the parties' agreement.

---

[1]The trial court ordered that Burton first participate in a jail-based competency restoration program for a period not to exceed 60 days. *See* Tex. Code Crim. Proc. Ann. art. 46B.091. Then, if Burton had not been restored to competency by the end of the 60th day after the date she began to receive services in the program, the trial court ordered that she be transferred "without unnecessary delay" to the first available mental health facility. *See id.* art. 46B.073(b)(2), (c).

The State subsequently filed a petition to proceed to adjudication alleging that Burton had violated several terms and conditions of her community supervision, including assaulting EMS personnel, and a warrant was issued for her arrest. On April 18, 2023, following another competency evaluation, the trial court signed an agreed order finding Burton incompetent to stand trial, committing her to a mental health facility for competency restoration, and directing the Sheriff of Tarrant County to transport Burton from jail to a state mental health facility designated by the Texas Health and Human Services Commission for appropriate treatment for a period of not more than 120 days. *See* Tex. Code Crim. Proc. Ann. arts. 17.032(a)(8), 46B.054, 46B.073(b)(2), (c). The Tarrant County District Clerk issued a writ of commitment the next day.

On August 3, 2023, Burton filed a "Petition for Writ of Habeas Corpus for Person Ordered into Hospitalization but Left in Jail." The trial court heard the matter on August 10, 2023, and denied habeas relief. This appeal followed.

## II. Discussion

### A. Standard of Review

We review a trial court's ruling on a pretrial application for writ of habeas corpus for an abuse of discretion. *Ex parte Todman*, Nos. 02-23-00061-CR, 02-23-00062-CR, 02-23-00063-CR, 02-23-00064-CR, 2023 WL 4942026, at *4 (Tex. App.—Fort Worth Aug. 3, 2023, no pet.) (mem. op., not designated for publication) (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). In conducting our

3

review, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's fact findings supported by the record. *See Ex parte Wheeler*, 203 S.W.3d at 324. If we conclude the grounds asserted in the application for writ of habeas corpus are not cognizable, then we must affirm the trial court's denial of relief. *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.) (citing *Ex parte Schoolcraft*, 107 S.W.3d 674, 676 (Tex. App.—San Antonio 2003, no pet.)).

**B. Habeas Corpus Relief**

Pretrial habeas relief is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). To be entitled to relief, an applicant or petitioner must establish that she was either "confined" or "restrained" unlawfully. *Ex parte Limberger*, No. 01-21-00532-CR, 2023 WL 2655749, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2023, no pet.) (mem. op., not designated for publication) (first citing Tex. Code Crim. Proc. Ann. art. 11.01; and then citing *State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)). In general, relief is available only for "jurisdictional defects and violations of constitutional and fundamental rights." *Ex parte Johnson*, 541 S.W.3d 827, 829 (Tex. Crim. App. 2017) (quoting *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014)). Due process claims, however, are not generally cognizable for pretrial habeas relief. *Ex parte Walsh*, 530 S.W.3d at 778 (citing *In re Shaw*, 204 S.W.3d 9, 16 (Tex. App.—Texarkana 2006, pet. ref'd)).

The purpose of an application for pretrial habeas relief is to remove an illegal restraint on the applicant's liberty. *See* Tex. Code Crim. Proc. Ann. art. 11.01. Thus,

pretrial habeas relief is appropriate only when resolution of the question presented, if resolved in the petitioner's favor, results in the petitioner's immediate release. *See Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) (holding a pretrial application for writ of habeas corpus is appropriate only when granting relief would result in the applicant's release); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) ("[A] pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release."); *Ex parte Walsh*, 530 S.W.3d at 778 ("[P]retrial habeas relief . . . is reserved for cases in which resolution of a legal issue in the applicant's favor must result in the applicant's immediate release.").

## C. Defendant's Incompetency

When a defendant is found incompetent to stand trial, the trial court must either (1) commit the defendant to a mental health facility or residential care facility for treatment to restore competency or (2) release (or continue the release of) the defendant on bail, subject to participation in outpatient mental health treatment. Tex. Code Crim. Proc. Ann. arts. 46B.071, 46B.072, 46B.073; *see Ex parte McVade*, Nos. 03-17-00207-CR, 03-17-00208-CR, 03-17-00209-CR, 2017 WL 4348151, at *2 (Tex. App.—Austin Sept. 28, 2017, no pet.) (mem. op., not designated for publication). But a defendant charged with a "violent offense" as listed in Article 17.032[2] is not eligible

---

[2]Both family-violence assault and aggravated assault are listed as "violent offenses" under Article 17.032. Tex. Code Crim. Proc. Ann. art. 17.032(6), (8).

for release on bail, and the trial court must commit the defendant to a mental health facility designated by the commission. Tex. Code Crim. Proc. Ann. art. 46B.073(b)(2), (c). A commitment order issued under Article 46B.073 "must place the defendant in the custody of the sheriff for transportation to the facility . . . in which the defendant is to receive competency restoration services." *Id.* art. 46B.075.

**D. Analysis**

Burton's claims were not cognizable for pretrial habeas relief. In her petition for writ of habeas corpus, Burton asserted that she was illegally confined and restrained "in her liberty" in the Tarrant County Jail due to the Tarrant County Sheriff's failure to transport her to the appropriate state mental health facility "in a timely manner." Specifically, it had been over 90 days since the trial court found Burton incompetent to stand trial and ordered her transportation to the state mental health facility, but she remained in jail, which she characterized as a violation of her due process rights. Burton requested that the trial court grant a writ of habeas corpus ordering the Tarrant County Sheriff to transport her to the state mental health facility and ordering the facility to receive her for treatment.

While Burton's petition also requested, in the alternative, her immediate release, the record demonstrates that she sought to enforce the trial court's order of incompetency and transportation to the state mental health facility. At the hearing on Burton's habeas petition, her counsel argued that the trial court's order directing the Tarrant County Sheriff to transport her to a state mental health facility had not been

6

complied with, which was "just as wrong as it could possibly be." He asserted that Burton's continued confinement violated the Fourteenth and Eighth Amendments.

In support of his argument, Burton's counsel offered, and the trial court admitted, two exhibits into evidence that showed a list of approximately 70 people, including Burton, who had been confined in the Tarrant County Jail awaiting transport to an appropriate state mental health facility—some of whom had been waiting for two years—and described the situation as "a wholesale problem." He closed his argument by requesting that the trial court, again, order the Tarrant County Sheriff to transport Burton to the state hospital, and if the sheriff's department failed to do so within 30 days, that the trial court conduct another hearing requiring the Tarrant County Sheriff to explain to the trial court the reason for the failure. The State conceded and agreed with Burton's counsel that Burton needed to be transferred to the state mental health facility, pursuant to the trial court's signed order. The trial court denied Burton's requested relief on the writ because it was "redundant," as "[t]he order to transport ha[d] already been signed."

The record indicates that Burton did not actually seek release from confinement or restraint but, instead, sought enforcement of the trial court's order directing the sheriff's department to transport her to the state mental health facility. Thus, a writ of habeas corpus is not the appropriate vehicle for the relief sought. *See Ex parte Hammons*, 631 S.W.3d at 716; *Ex parte Weise*, 55 S.W.3d at 619; *Ex parte Walsh*, 530 S.W.3d at 778; *see, e.g., Ex parte Thompson*, No. 10-22-00162-CR, 2022 WL

5239730, at *4 (Tex. App.—Waco Oct. 5, 2022, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that he was entitled to habeas pretrial release due to trial court's failure to promptly transport him to mental health facility); *Ex parte McVade*, 2017 WL 4348151, at *4 (concluding writ of habeas corpus inappropriate when appellant sought enforcement of trial court's commitment order).

Moreover, Burton did not challenge the validity of the trial court's finding of incompetency, her initial arrest, her commitment, or the order to transport her to a state mental health facility; did not allege that the trial court had violated any applicable statutory procedures; and did not challenge the statutory provisions under which she had been confined.[3] Rather, she asserted that, due to the Tarrant County Sheriff's failure to "timely" comply with the trial court's order—the terms upon which she and the State had agreed—her *continued* confinement was illegal and violated her due process rights. In other words, Burton appears to have asserted a fundamental right to speedy transport to a mental health facility, i.e., transportation "in a timely manner." However, there is no fundamental right to being transported to a mental health facility "in a timely manner." *See Ex parte Valero*, No. 08-22-00172-CR, 2023 WL 1972016, at *4 (Tex. App.—El Paso Feb. 13, 2023) (mem. op., not designated for

---

[3]Even if she had challenged the applicable statutory procedures or provisions and sought immediate release, there is no statutory provision that entitled Burton to release. Burton was charged with a "violent offense," *see* Tex. Code Crim. Proc. Ann. art. 17.032(a)(8), so the trial court was required to commit her to a mental health facility and place her in custody to await transport. *See id.* arts. 46B.073(b)(2), (c), 46B.075.

publication), *pet. dism'd*, No. PD-0123-23, 2023 WL 4611749 (Tex. Crim. App. July 19, 2023); *Ex parte Thompson*, 2022 WL 5239730, at *4; *Ex parte McVade*, 2017 WL 4348151, at *3. Indeed, neither the U.S. Constitution nor the U.S. Supreme Court has identified such a fundamental right, and Burton cites no authority to the contrary. And aside from her conclusive assertion that her continued confinement was "just as wrong as it could possibly be," Burton failed to establish how her incarceration while awaiting transport to a mental health facility violated any of her constitutional rights. Accordingly, Burton did not demonstrate that her continued confinement was unlawful.

### III. Conclusion

We conclude that the trial court did not abuse its discretion in denying Burton's requested habeas relief and affirm the trial court's order denying that relief.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 19, 2023

9