**Ex parte Bobby Ladell SCHOOLCRAFT.**

No. 04–02–00900–CR.

Court of Appeals of Texas, San Antonio.

April 9, 2003.

Gerald C. Moton, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

Bobby Ladell Schoolcraft, the defendant, was charged with driving while intoxicated ("DWI"). The indictment alleges defendant has been convicted of DWI on four previous occasions. *See* TEX. PEN.CODE ANN. § 49.09 (Vernon 2003) ("Enhanced Offenses and Penalties"). Defendant filed a pretrial petition for writ of habeas corpus, asserting that Texas Penal Code section 49.09(e) was unconstitutional and an illegal restraint on his liberty. The trial court denied the petition, and this appeal by defendant ensued. We affirm.

## PROCEDURAL BACKGROUND

The use of prior convictions to elevate the primary offense of DWI to a third degree felony is controlled by Penal Code section 49.09(e).[1] Here, the indictment al-

---

1. A conviction may not be used for purposes of enhancement if:
   (1) the conviction was a final conviction under Subsection (d);
   (2) the offense for which the person is being tried was committed more than 10 years after the latest of:
   (A) the date on which the judgment was entered for the previous conviction;
   (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
   (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
   (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and
   (3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

leged four prior intoxication convictions, the following dates of which are: November 8, 1994; March 5, 1990; November 26, 1986; and February 14, 1986. After the indictment was issued, defendant filed a petition for writ of habeas corpus, alleging his constitutional rights are being violated by the State's attempt to use the November 8, 1994 conviction twice, once under section 49.09(e)(2) and again under section 49.09(e)(3). Initially, the trial court entered an order issuing the writ, but the writ was then referred to a magistrate. The magistrate conducted a hearing on defendant's petition, at which time defendant alleged the date of the November 8, 1994 conviction was incorrect, and instead, the conviction actually occurred on March 20, 1990, thus making this conviction too remote for purposes of section 49.09(e)(2).

## DISCUSSION

On appeal, defendant asserts three issues: (1) the trial court had jurisdiction to issue the writ of habeas corpus, (2) the application of Penal Code section 49.09(e) resulted in his illegal restraint, and (3) the State violated the double jeopardy clause under the Fifth Amendment by applying section 49.09 to his case. Because defendant's second and third issues are dispositive, we address only those issues.

## STATE'S FAILURE TO COMPLY WITH SECTION 49.09

■ In his second issue, defendant appears to make two arguments. First, he contends the indictment failed to provide notice of whether the State must comply with section 49.09, which in turn, deprived him of the ability to decide whether he should stipulate to two of the prior convictions. Second, he asserts the State cannot comply with section 49.09 because the November 8, 1994 conviction actually oc-

curred on March 20, 1990. With respect to defendant's first argument, we hold that because he did not raise his notice complaint before the trial court, he has not preserved the issue for our review. *See* Tex.R.App. P. 33.1.

■ As to defendant's second contention, a writ of habeas corpus is an extraordinary writ and neither a trial court nor an appellate court should entertain a petition for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex.Crim.App. 2001). Thus, a defendant must establish his entitlement to habeas corpus relief. *Jaime v. State*, 81 S.W.3d 920, 924 (Tex. App.-El Paso 2002, pet. ref'd). A defendant may raise by pretrial habeas corpus claims concerning double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be undermined if review were not permitted until after conviction. *Id.* The writ of habeas corpus is not available where judicial determination of the question presented, even if resolved in favor of the defendant, would not result in immediate release. *Ex parte Weise*, 55 S.W.3d at 619. If we conclude the grounds asserted in the petition for writ of habeas corpus are not cognizable, then we must affirm the trial court's denial of habeas corpus relief. *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex.App.-San Antonio 1998, no pet.).

■ Here, defendant has not shown his entitlement to habeas corpus relief. When, as here, there is a valid statute under which a prosecution may be brought, habeas corpus relief is generally not available to test the sufficiency of the complaint, information, or indictment. *Ex parte Weise*, 55 S.W.3d at 620; *see also Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex.

Tex. Pen.Code Ann. § 49.09(e) (Vernon 2003).

Crim.App.1994) (as a general rule, indictments may not be challenged in a pretrial petition for writ of habeas corpus). Two exceptions to this general rule are where the defendant asserts the statute is unconstitutional on its face or the charge is barred by the statute of limitations. *Ex parte Weise*, 55 S.W.3d at 620.

Defendant does not assert section 49.09(e) is unconstitutional on its face. Instead, he contends the State is improperly attempting to use a prior conviction to elevate the primary offense to a third degree felony. This amounts to an attack on the charging instrument and an argument that the State will be unable to meet its burden of proof at trial. These claims are not proper grounds for habeas corpus relief. Therefore, we overrule defendant's second issue.

## VIOLATION OF DEFENDANT'S FIFTH AMENDMENT RIGHTS

In his third issue, defendant asserts the State's use of section 49.09 violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. It is unclear from defendant's argument on appeal how the Double Jeopardy Clause is violated, although he again raises the issue of lack of notice. We have already determined that any complaint related to lack of notice has been waived. Defendant's argument also is waived because it is inadequately briefed. TEX.R.APP. P. 38.1(h); *Mosley v. State*, 983 S.W.2d 249, 256 (Tex.Crim.App.1998) (rejecting argument as inadequately briefed). Accordingly, we overrule defendant's third issue.

## CONCLUSION

We affirm the trial court's denial of defendant's petition for writ of habeas corpus. Because we overrule defendant's second and third issues, we need not reach defendant's first issue.