# NO. 12-24-00162-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 19TH* |
| *SETH ANDREW SUTTON,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLANT* | § | *MCLENNAN COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Seth Andrew Sutton appeals the denial of his application for writ of habeas corpus.[1]  In one issue, Appellant argues the trial court erred by denying his application, in which he contended the statute authorizing the Texas Attorney General's office to serve as attorney pro tem is facially unconstitutional.  We affirm.

### BACKGROUND

Appellant was charged by indictment with solicitation of capital murder in August 2020.  On July 25, 2022, the McLennan County District Attorney filed a motion to recuse and appoint attorney pro tem.  In its motion, the District Attorney stated, "[d]ue to Audrey Robertson's[2] employment at the same law firm with [Appellant] prior to his employment by the office of McLennan County Criminal District Attorney, there may exist an appearance of impropriety should the District Attorney's Office remain the prosecutor" over Appellant's case.  It further stated that the recusal extended to the entire McLennan County District Attorney's Office.  On July 27, the trial court granted the motion and appointed "an assistant attorney general" to attorney pro tem.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] An assistant district attorney in the McLennan County District Attorney's Office.

Two assistant attorney generals represented the State in Appellant's jury trial in August 2023, which resulted in a mistrial. In September 2023, Mathew Shawhan, an assistant attorney general, filed a statement of elected or appointed official, indicating he would be serving as District Attorney Pro Tem. Shawhan presented the case against Appellant to a McLennan County grand jury, which indicted Appellant on one count of criminal solicitation and one count of criminal conspiracy in February 2024. In March, Appellant filed his application for writ of habeas corpus asserting that the statute allowing the assistant attorney generals to serve as attorney pro tem, Article 2.07 of the Texas Code of Criminal Procedure, is facially unconstitutional. After a hearing, the trial court denied the application. This appeal followed.

## AVAILABILITY OF HABEAS CORPUS RELIEF

We first address the State's argument that Appellant's claim is not cognizable in a pretrial habeas corpus proceeding. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed prior to resolution of the merits).

## Entitlement to Habeas Corpus Relief

An applicant may seek pretrial habeas corpus relief "only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). The purpose of an application for writ of habeas corpus is to remove an illegal restraint on an applicant's liberty. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2015). Thus, pretrial habeas relief—"an extraordinary remedy"—is reserved for cases in which resolution of a legal issue in the applicant's favor must result in the applicant's immediate release. *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release."); *Green v. State*, 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd) ("[T]he purpose of a pretrial habeas corpus application is not to facilitate trial, but to stop trial and secure immediate release from confinement."); *see also Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (explaining, for example, that pretrial habeas relief is unavailable for asserting the constitutional right to a speedy trial or, generally, to test the sufficiency of a charging instrument); *Smith*, 178

S.W.3d at 801 (explaining that a pretrial habeas applicant may challenge the State's power to restrain him at all; the manner of his pretrial restraint, such as challenging conditions attached to bail; or other issues which, if meritorious, would bar prosecution or conviction). Due process claims are not generally cognizable for pretrial habeas relief. *In re Shaw*, 204 S.W.3d 9, 16 (Tex. App.—Texarkana 2006, pet. ref'd).

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.). We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, pet. ref'd). If we conclude the grounds asserted in the application for writ of habeas corpus are not cognizable, we must affirm the trial court's denial of relief. *Ex parte Schoolcraft*, 107 S.W.3d 674, 676 (Tex. App.—San Antonio 2003, no pet.).

## Application

Appellant did not challenge the constitutionality of the statutes by which he is charged. He challenged the statute allowing the trial court to appoint an assistant attorney general as attorney pro tem. An indictment is not rendered void or subject to dismissal merely because an improper, disqualified, or conflicted prosecutor presents a case to a grand jury or could represent the State at trial. *See Miller v. State*, No. 11-07-00369-CR, 2008 WL 616121, at *1-2 (Tex. App.—Eastland Mar. 6, 2008, no pet.) (mem. op., not designated for publication); *Beavers v. State*, No. 02-05-00448-CR, 2006 WL 3247887, at *6-7 (Tex. App.—Fort Worth Nov. 9, 2006, pet. ref'd) (mem. op., not designated for publication); *Walter v. State*, 209 S.W.3d 722, 737, 739-40 (Tex. App.—Texarkana 2006), *rev'd on other grounds*, 267 S.W.3d 883 (Tex. Crim. App. 2008); *Phillips v. State*, No. 08-00-00211-CR, 2002 WL 2001218. At *1-2 (Tex. App.—El Paso Aug. 30, 2002, no pet.) (op., not designated for publication).

Appellant's separation of powers claim does not challenge the constitutionality of the charges against him and does not challenge the "prosecution itself." *See Ex parte Walsh*, 530 S.W.3d 774, 781 (Tex. App.—Fort Worth 2017, no pet.). He does not argue that he cannot be constitutionally prosecuted for solicitation of capital murder; he argues only that he cannot be constitutionally prosecuted for the offense by an assistant attorney general. Whether the assigned prosecutor is the correct prosecutor does not affect Appellant's eligibility to be charged and tried. *Ex parte Cooper*, No. 04-20-00038-CR, 2020 WL 2736459, at *3 (Tex. App.—San

Antonio May 27, 2020, pet. ref'd) (mem. op., not designated for publication). Therefore, such a claim, even if meritorious, would not result in Appellant's immediate release from prosecution and is not a cognizable claim for pretrial habeas corpus.

### CONSTITUTIONALITY OF TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 2.07

Even if Appellant's claim is appropriate for pretrial habeas corpus, we are not persuaded by Appellant's argument.

In his first issue, Appellant argues that Article 2.07 is facially unconstitutional and violates the separation of powers requirement of the Texas Constitution. Article 2.07 states, in pertinent part, as follows:

> Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of the attorney's office, or in any instance where there is no attorney for the state, the judge of the court in which the attorney represents the state may appoint, from any county or district, an attorney for the state or may appoint an assistant attorney general to perform the duties of the office during the absence or disqualification of the attorney for the state.

TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (West Supp. 2023).

### Standard of Review and Applicable Law

We review a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Thompson*, 414 S.W.3d 872, 875 (Tex. App.—San Antonio 2013), *aff'd*, 442 S.W.3d 325 (Tex. Crim. App. 2014). However, when the trial court's ruling and determination of the ultimate issue turns on the application of the law, such as the constitutionality of a statute, we review the trial court's ruling de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Thompson*, 414 S.W.3d at 875–76.

We review *de novo* a challenge to the constitutionality of a statute. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). We afford great deference to the Legislature and presume that the statute is constitutional, and that the Legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). The party challenging the statute normally bears the burden of establishing its unconstitutionality. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

4

The Constitution of 1876, which our state still operates under, expressly divides the powers of government into three distinct departments—legislative, executive, and judicial—and prohibits the exercise of any power "properly attached to either of the others," unless that power is grounded in a constitutional provision. TEX. CONST. art. II, § 1; *see also Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim. App. 1973). "This separation of powers provision reflects a belief on the part of those who drafted and adopted our state constitution that one of the greatest threats to liberty is the accumulation of excessive power in a single branch of government." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990). It has the incidental effect of "promoting effective government by assigning functions to the branches that are best suited to discharge them." *Id.*

The separation of powers doctrine requires that "any attempt by one department of government to interfere with the powers of another is null and void." *Meshell v. State*, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987). Although one department occasionally exercised a power that would otherwise seem to fit within the power of another department, courts approved those actions only when authorized by an express provision of the constitution. *Id.* "Exceptions to the constitutionally mandated separation of powers are never to be implied in the least; they must be 'expressly permitted' by the Constitution itself." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570 (Tex. 2014) (quoting TEX. CONST. art. II, § 1).

The separation of powers provision may be violated in one of two ways. First, it is violated when one branch of government assumes, or is delegated, to whatever degree, a power that is more "properly attached" to another branch. *Armadillo Bail Bonds*, 802 S.W.2d at 239. Second, it is violated when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Id.* at 239 (citing *Rose v. State*, 752 S.W.2d 529, 535 (Tex. Crim. App. 1987)).

## Analysis

Appellant urges that the Court of Criminal Appeals' decision in *State v. Stephens*[3] requires us to find that Article 2.07 is unconstitutional for violating separation of powers. In *Stephens*, the Court of Criminal Appeals, in determining that Section 273.021 of the Texas Election Code is unconstitutional, held that the Attorney General could not unilaterally exercise a

---

[3] 663 S.W.3d 45 (Tex. Crim. App. 2021).

prosecution power that was assigned to the judicial department. ***State v. Stephens***, 663 S.W.3d 45, 47 (Tex. Crim. App. 2021). It explained that the power to prosecute was constitutionally conferred within the judicial department to district and county attorneys. ***Id.*** at 50. And it further explained that the Attorney General can participate in criminal litigation if the relevant district or county attorney consents. ***Id.*** at 55-57.

We are guided by the Court of Criminal Appeals' decision in ***Wood v. State***, No. AP-77,107, 2024 WL 2306277 (Tex. Crim. App. May 22, 2024). ***Wood*** concerned a direct appeal from a denial of a motion for forensic DNA testing. ***Id.*** at *1. However, in one of his issues, the appellant asked the Court to remove the assistant attorney general as the attorney pro tem representing the State in his case. ***Id.*** at *10. He, like Appellant, urged that Article 2.07 violates the separation of powers under ***Stephens***. ***Id.*** at *11. The Court of Criminal Appeals ultimately determined that the appellant's complaint was not preserved, but it also addressed the merits of his argument.[4] ***Id.*** at *12-13. The Court recognized the differences between the situation in ***Stephens*** and a recused district attorney's office.[5] ***Id.*** at *13. Key to the Court's analysis was that the district attorney sought to recuse himself and have an attorney pro tem appointed, which meant he consented to someone other than the elected district attorney or his subordinates to try the case, including an assistant attorney general. ***Id.*** Furthermore, "any attorney who acts as an attorney pro tem stands in the shoes of the" district attorney being replaced and does not act with any authority of his original appointment. ***Id.*** Instead, he uses the elected district attorney's authority conferred by the appointment. ***Id.***

The same situation occurred here. The McLennan County District Attorney recused himself and his office and requested an attorney pro tem be appointed in their stead. As such, he consented to someone else prosecuting the case. In fact, the motion in this case specifically stated that he already contacted the Attorney General's office to confirm that assistant attorney generals were available to "perform the constitutional duties of the District Attorney's Office." And the assistant attorney generals are not acting under the authority of the Attorney General's office when acting as attorney pro tem; they are acting under the District Attorney's authority.

---

[4] The constitutional complaint was not raised until March 2022 when an assistant attorney general had been representing the State as attorney pro tem since 2010. ***Wood v. State***, No. AP-77,107, 2024 WL 2306277, at *12 (Tex. Crim. App. May 22, 2024). It was also not raised until after the trial court denied his motion for testing. ***Id.*** Therefore, the Court held his claim was not preserved. ***Id.***

[5] The Court of Criminal Appeals addressed a prior version of Article 2.07; however, the logic applies to the current statute as well.

As such, the Attorney General is not executing judicial branch authority in its own right, and Article 2.07 does not violate the separation of powers.  We overrule Appellant's sole issue.

## DISPOSITION

Having determined that Appellant's claim is not cognizable for habeas corpus relief and having overruled Appellant's sole issue, we ***affirm*** the trial court's order.  We further ***overrule*** any and all pending motions ***as moot***.


JAMES T. WORTHEN
Chief Justice

Opinion delivered July 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2024**

**NO. 12-24-00162-CR**

**EX PARTE: SETH ANDREW SUTTON,**
Appellant

Appeal from the 19th District Court
of McLennan County, Texas (Tr.Ct.No. 2020-1290-C1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*