**AFFIRMED and Opinion Filed October 3, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

## No. 05-24-00567-CR

_____

## EX PARTE DARNELL JERMARICK OWENS

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M21-62169**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Darnell Jermarick Owens appeals from the denial of his pretrial writ of habeas corpus, seeking dismissal of the charge of unlawfully carrying a weapon. Appellant asserts three points of error in this appeal. Appellant's second and third points raise state constitutional claims that appellant failed to assert in his habeas petition. Because appellant failed to include these claims in his petition, we may not review them on appeal. Additionally, none of appellant's points of error are cognizable on appeal because they are pretrial as-applied challenges that require factual development at trial. Accordingly, we overrule appellant's three points of error and affirm the habeas court's denial of relief.

## I.    Background

In 2021, a Dallas police officer stopped appellant for a traffic violation. During the stop, the officer smelled cannabis and noticed a pistol handle between the driver's seat and the console. When appellant exited the car, the officer saw a plastic baggie containing a green leafy substance. The State subsequently charged appellant with unlawfully carrying a weapon in his vehicle while engaging in criminal activity, namely possession of drug paraphernalia.

In 2024, appellant filed a writ of habeas corpus challenging the constitutionality of Texas Penal Code § 46.02(a-1)[1] under the Second Amendment of the United States Constitution.[2] At the writ hearing, however, in addition to arguing that Texas Penal Code § 46.02(a-1) violated the Second Amendment of the United States Constitution, appellant also argued the statute violated Article I, § 23 of the Texas State Constitution.[3] The trial court concluded the statute satisfied both constitutions and denied appellant habeas relief.

---

[1]As applicable here, section 46.02 (a-1) of the Texas Penal Code reflects that a person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which the person is engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating. TEX. PENAL CODE § 46.02(a-1).

[2]The Second Amendment of the United States Constitution states that a "well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II

[3]Article I § 23 of the Texas State Constitution reflects that every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime. TEX. CONST. art. I, § 23.

## II. Standard of review

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.). We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, pet. ref'd). If we conclude the grounds asserted in the application for writ of habeas corpus are not cognizable, then we must affirm the trial court's denial of relief. *Ex parte Schoolcraft*, 107 S.W.3d 674, 676 (Tex. App.—San Antonio 2003, no pet.).

## III. Appellant waived review of his state constitutional claims because he failed to raise these claims in his habeas petition.

In his second and third points of error, appellant claims that Texas Penal Code § 46.02(a-1), as applied to him, violates the Texas Constitution. However, as appellant concedes, he did not include the state constitutional claims in his pretrial habeas petition. Accordingly, this Court may not review appellant's second and third points of error.

During the hearing, the habeas judge pointed out appellant did not include any state constitutional claims in his petition and that, consequently, she was unprepared to rule on those issues and indeed would not rule on them. The habeas judge stated:

> THE COURT: Let me ask you this as a matter of procedure. Looking at the defense motion, originally, I don't see where it says that you're making a challenge also using Article of the Texas Constitution, I didn't see that in your motion.

–3–

MR. MCCURLEY: That's because, Your Honor, Villanueva out of the -- the PDR for Villanueva was not heard, and Judge Slaughter had asked that we raise the first -- the Texas Article I Section 23 of the Constitution.

THE COURT: Well, my concern is did the State have notice that that was one of the challenges that the defense was raising? Because the Court didn't have notice of that. I'm reading the motion and it doesn't say anything about Article -- it says that you're challenging the Penal Code UCW section; and then this memo that I just got -- sorry, I have a lot of things in front of me -- talks about Article I Section 23. And so now I haven't looked at this issue through that lens –

MR. MCCURLEY: Yes; Your Honor.

THE COURT: -- in preparation for this hearing, so I'm not sure if the State has either.

. . .

THE COURT: Okay. So you're challenging the Constitutionality of this Statute under Texas and U.S. Constitutions?

MR. MCCURLEY: Yes, Your Honor.

THE COURT: Okay. Forgive me, because the Texas part was not in your motion originally –

MR. MCCURLEY: No, Your Honor.

THE COURT: -- and that's what I was proceeding on in prep -- when I was preparing for this hearing. Okay.

. . .

THE COURT: I know. That's fine. But you've got to put that in your Motion.

MR. MCCURLEY: I -- he -- this – this dissent came down after I had written my Motion.

–4–

THE COURT: So then you say amended Motion and add -- so that when I read these pleadings in advance of the hearing, because I prepare for my hearings, if you don't put Article 1 Section 23, that's the other thing that you're challenging based upon, then I'm not gonna know to go read the Texas Constitution and be able to rule on that ground because I didn't -- I had no notice of that in your Motion.

So in the future just make sure you file Defense's Amended Motion and just simply add, we're also challenging the Constitutionality under the Texas Constitution so that I can be prepared better for your hearing in the future. I understand that the Judge ruled after you filed this, right? That's your -- the point that you're making?

MR. MCCURLEY: Yes, Your Honor.

THE COURT: But you gotta tell me, Oh, by the way, we're also challenging this, Judge. Because in all fairness to the Court, this has been pending since February.

MR. MCCURLEY: Yes, Your Honor.

THE COURT: It's now April 2nd. I would have loved to have known that we're also -- I need to analyze the Texas Constitution as well before the hearing.

In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition and addressed by the trial court. *Ex parte Blakely*, No. 05-18-00909-CR, 2019 WL 911739, at *3 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op., not designated for publication); *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998) ("An order denying habeas relief on the merits is appealable only with regard to those matters properly raised by the . . . habeas . . . petition and addressed by the trial

–5–

court."), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999). An intermediate court of appeals does not have original jurisdiction in criminal cases. *See* TEX. CODE CRIM. PROC. art. 11.05 (omitting courts of appeals from the list of courts that may issue the writ).

Appellant did not include state constitutional violations as grounds in his habeas petition. In fact, he did not raise the issue of state constitutional violations until the day of the hearing when he handed the habeas judge a memorandum raising the claims. As a result, this matter was not properly addressed by the habeas court and may not now be brought as a direct appeal. *Blakely*, 2019 WL 911739 at *3; *Perez*, 536 S.W.3d at 880; *Tucker*, 977 S.W.2d at 715. Accordingly, we dismiss appellant's second and third points of error.

## IV. Appellant's points of error do not raise cognizable claims.

Each of appellant's three points on appeal claim Texas Penal Code § 46.02(a-1) of the unlawful carry statute is unconstitutional as applied to him. Appellant's as-applied claims are not cognizable on pretrial habeas writ. Thus, we overrule appellant's first point of error. Moreover, had we not dismissed appellant's second and third issues for failure to raise them in his habeas petition, we would have overruled them because they are as-applied claims and thus, not cognizable on pretrial habeas.

## A. Cognizable claims

A pretrial writ of habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy reserved for use when interlocutory review would better serve to protect the applicant's substantive rights or better conserve judicial resources. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W. 3d 617, 619 (Tex. Crim. App. 2001). Moreover, pretrial habeas corpus is available "only in very limited circumstances." *Ex parte Sheffield*, 685 S.W.3d 86, 93 (Tex. Crim. App. 2023); *Perry*, 483 S.W.3d at 896. For example, we allow claims that prosecution would violate the right against double jeopardy. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982) (holding that double jeopardy claims "must be reviewable" prior to trial). Claims that statutes are facially unconstitutional are also cognizable.[4] *See, e.g., Ex parte Thompson*, 442 S.W.3d 325, 330 (Tex. Crim. App. 2014) (reviewing facial constitutionality of the improper photography or visual recording statute in pretrial habeas).

Other issues, like as-applied challenges, are generally not cognizable on habeas because such challenges do not attack the State's power to charge the defendant, just

---

[4]A facial challenge is a claim that the statute is void because it is unconstitutional in all situations. *Weise*, 55 S.W. 3d at 620.

its ability to convict him in particular fact patterns. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("Pretrial habeas . . . may not be used to advance an 'as-applied' challenge."); *Weise*, 55 S.W. 3d at 620–21 (finding applicant's claim not cognizable in pretrial habeas because the claim was actually an as-applied, not facial, constitutionality challenge). Additionally, an as-applied challenge requires factual development that only a trial can bring, and pretrial habeas is unavailable when the development of a trial record would aid in resolving the applicant's claims. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Gonzalez*, 525 S.W.3d 342, 350 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Accordingly, an "as applied" challenge should be brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner. *See Gillenwaters v. State*, 205 S.W.3d 534, 536 (Tex. Crim. App. 2006).

The categorical exclusion of as-applied claims, however, is not absolute; the court of criminal appeals has recognized as-applied claims for double jeopardy, bail, and separation-of-powers as exceptions to the general rule that as-applied challenges are not cognizable. *Perry*, 483 S.W.3d at 896; *Weise*, 55 S.W.3d at 619–20.

Whether an issue is cognizable on pretrial habeas is a threshold inquiry the Court should undertake before considering the merits of the claim. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

**B.** **Appellant's points of error are non-cognizable as-applied challenges to the constitutionality of the penal statute.**

On appeal, appellant asserts the habeas court erred in denying him relief because Texas Penal Code § 46.02 is both unconstitutional as applied to him and on its face under the Second Amendment to the United States Constitution and Article I, § 23 of the Texas Constitution. However, appellant's arguments supporting his claims only assert the statute is unconstitutional as applied to him. In each point of error, appellant points to certain facts—that he claims if true—cause the statute to be unconstitutional as applied to him. Appellant's arguments do not challenge the statute on its face, and appellant never argues the statute has no constitutional applications.

In his first point of error, appellant claims that under the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* Texas Penal Code § 46.02(a-1) is unconstitutional as applied to him because his act of possessing drug paraphernalia is not a dangerous enough crime to place him outside of "the people" protected by the Second Amendment.[5] 597 U.S. 1 (2022). In his second point of error, appellant argues the statute violates the Texas Constitution as applied to him because the Texas Constitution permits the Legislature to regulate only the "wearing of arms," and he was not "wearing" the firearm; the firearm was

---

[5]In *Bruen*, the United States Supreme Court held that New York's proper-cause requirement to obtain a concealed-carry license violated the Fourteenth Amendment by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for self-defense. 597 U.S. at 71.

wedged between his seat and the center console. Finally, appellant claims the statute is unconstitutional as applied to him because there is no relationship between firearms, violence, and the commission of his offense of possessing drug paraphernalia.

Each of appellant's points of error require the habeas court to decide unresolved facts. Appellant's claims that his offense of possessing drug paraphernalia was not dangerous, that he was not wearing the firearm, and that his use of the firearm was unrelated to his crime are unresolved fact questions that require development at trial. Accordingly, a pretrial habeas application is not the appropriate vehicle to raise appellant's as-applied challenges.

We conclude appellant's as-applied constitutional claims are not cognizable in a pretrial habeas corpus writ because addressing the claims would require resolving disputed factual controversies (whether appellant wore the firearm or used the firearm while committing the offense) and would require determining whether the statute applies to appellant's particular circumstances (by ascertaining whether appellant's offense of possessing drug paraphernalia is not a dangerous enough crime to place him outside of "the people" protected by the Second Amendment). Moreover, appellant has an adequate remedy by appeal. Appellant can raise his constitutional challenges on appeal following trial. *See Swindle v. State*, No. 08-23-00057-CR, 2023 WL 7171472, at *2–5 (Tex. App.—El Paso October 31, 2023, pet.

ref'd) (mem. op., not designated for publication) (holding Texas Penal Code § 46.04(a) is constitutional as applied to appellant)

For these reasons, we overrule appellant's first point of error.

## IV.  Conclusion

Having overruled appellant's first point of error and having dismissed appellant's second and third points of error, we affirm the habeas court's order denying habeas corpus relief.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
240567F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE DARNELL
JERMARICK OWENS

No. 05-24-00567-CR

On Appeal from the County Criminal
Court No. 2, Dallas County, Texas
Trial Court Cause No. M21-62169.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, we **AFFIRM** the habeas court's
order denying habeas corpus relief.

Judgment entered October 3, 2024

–12–